Filed 7/25/13  Rosen v. Nelson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAMUEL ROSEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BEATRICE NELSON,<br><br>    Defendant and Respondent. | D062501<br><br><br><br>(Super. Ct. No. 37-2012-00052830-<br>CU-DF-NC) |

APPEAL from an order of the Superior Court of San Diego County, Earl Maas III, Judge.  Affirmed.

Samuel Rosen, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

In this defamation action involving two residents at the San Luis Rey Homes mobile home park (SLRH) in Oceanside, California, plaintiff Samuel Rosen appeals in propria persona an order granting the Code of Civil Procedure[1] section 425.16 motion—commonly known as an anti-SLAPP (strategic lawsuit against public

---

[1]    All statutory references are to the Code of Civil Procedure.

participation) motion—filed by defendant Beatrice Nelson, who has not responded to this appeal.

Rosen contends the trial court erred by granting Nelson's anti-SLAPP motion to strike his causes of action for libel and slander per se because "[t]he entire written and oral allegations made by [Nelson] of [Rosen's] actions made to the Board of Governors and the owners/members of SLRH are completely false."  Among his various specific claims of error are his assertions that the court erred "when it disregarded sworn testimony" and that Nelson "has not produced one shred of evidence or testimony in her Anti-SLAPP Motion that her statements are true."

We have read and considered Rosen's appellant's opening brief, the clerk's transcript, and the augment to the clerk's transcript we requested (discussed, *post*).  We conclude Rosen has not met his burden of overcoming the presumed correctness of the challenged order by affirmatively demonstrating error because he has failed to provide this court with an adequate record on appeal.  Accordingly, we affirm the order.

## BACKGROUND[2]

A. *Rosen's Complaint*

In his complaint, Rosen alleged that in early February 2012, when he was the revitalization project director of SLRH, Nelson made libelous statements about him by "publish[ing] a four-page written statement to Owners/Members of [SLRH]" in which she falsely stated (among other things):

---

[2]    In light of our conclusion Rosen has failed to provide an adequate record for appellate review, our discussion of the background is brief.

"There was nothing about [Rosen's] qualifications, his background, education, work history, his experience to qualify him to be in charge of any revitalization project, and inquiry indicates there is no resume on file at our office."

"At the December meeting, Russ Burns asked [Rosen]: '[H]ow much time do you and Phil [Hauser] take to do the research, reading, and evaluation for our benefit? [Rosen's] reply: 'Phil and I work about 100 hours a week each . . . on this.' That would leave less than 10 hours a day to eat, sleep and all else! When someone tells that humongous a whopper, who would believe anything that person ever said?"; and

"[Rosen] is very charismatic, with a gift of persuasive speech, but his bullying a member at the [February 6] meeting by putting him in a vice-like grip under his left arm was humiliating and not funny! Would you like this if he did it to you? One has to be either brave or foolhardy to speak at a meeting."

Rosen also alleged in his complaint that Nelson made libelous statements about him by "publish[ing] a three-page written statement to the Board of Governors and Owners/Members of [SLRH]" in which she falsely stated (among other things):

"Our reserve funds may be used only for the repair, restoration, replacement, or maintenance of major components for which the fund was established. It was not established to support Sam Rosen or Phil Hauser neither of whom have the background or qualifications in what our underground utilities revitalization requires."

"It has reached the point where a member is either brave or foolhardy to speak or ask questions, as demonstrated by Sam Rosen's bullying and humiliating a member at our February meeting. This was not cute nor funny! How would you feel if this was done to you?"

In his second cause of action for slander per se, Rosen alleged that the same three-page written statement to the board of governors and the owners/members of SLRH falsely stated:

3

"I also want to inform the Board that I have been in contact with the San Diego District Attorney's office, and have sent them copies of all my documentation. If anyone again threatens to 'murder' me, I expect the Board to follow necessary action as set forth in our Bylaws. I am now going to read some of our facts and concerns, which may possibly qualify as Financial Abuse of the Elderly."

Rosen further alleged "these statements are defamatory because the language carries a meaning that [his] conduct was criminal and harmful to others."

B. *Nelson's Anti-SLAPP Motion To Strike Rosen's Complaint*

In her anti-SLAPP motion, Nelson argued the court should strike Rosen's complaint under section 425.16 "on the grounds that [her] allegedly libelous and slanderous statements . . . sued upon . . . arose from [her] exercise of her 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue,' to wit, her questioning the Board of Governors of the mobilehome park association, San Luis Rey Homes, Inc., . . . about its expenditure of the association's monies to compensate other park residents, [Rosen] and Phil Hauser, as paid consultants on the park's utility revitalization project." In support of her motion, Nelson filed the declaration of her attorney, to which was attached an authenticated copy of a letter he sent in mid-2012 to Phil Hauser, the plaintiff in a coordinated action. Also in support of her motion, Nelson *lodged* several exhibits that she cited and discussed in her memorandum of points of authorities.

C. *Rosen's Opposition to Nelson's Motion*

In his opposition to Nelson's anti-SLAPP motion, which he filed in propria persona, Rosen acknowledged "[i]t could be argued that both Rosen and Hauser were

4

limited public figures, and that the issues presented to the Board of Governors were of public interest" and that they "were employees of SLRH for the sole purpose to revitalize the utility infrastructure of the Park." However, citing *Turner v. Vista Pointe Ridge Homeowners Assn.* (2009) 180 Cal.App.4th 676 (*Turner*), he stated that Nelson's allegedly defamatory statements "[were] not protected political speech about public figures in the performance of their public duties, and were not made in the furtherance of her right of petition or free speech under the United States or California Constitution[s]. [He] and Hauser were not elected members of the Board of SLRH, nor did their duties involve board elections, recall campaigns, or who should manage the Association."

Asserting that Nelson "made provably false misrepresentations which harmed [him]," Rosen claimed he had met his burden under section 425.16 of demonstrating a reasonable probability he would prevail on the merits of his complaint. In support of his opposition to the motion, Rosen lodged 19 exhibits, including (among other things) the declarations of Phil Hauser and six other declarants.

D. *Nelson's Reply*

In her reply, citing this court's decision in *Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468 (*Damon*), Nelson argued that Rosen was a public figure, her allegedly defamatory statements concerned public issues, Rosen "ha[d] failed to present any admissible evidence of a likelihood of prevailing on a claim of defamation because he was not libeled or slandered," and Rosen was a limited purpose public figure who was required to show she had made the statements with malice but he had failed to make such a showing. Nelson made numerous specific references in her reply to a lodged copy of

5

the transcript of Rosen's deposition testimony, a copy of which Rosen has not provided to this court for appellate review.

E. *Court's Ruling*

Although the record shows the court heard oral arguments on Nelson's anti-SLAPP motion, a copy of the reporter's transcript of that hearing is not included in the appellate record because, as indicated in his notice designating record on appeal, Rosen elected to proceed without a record of the oral proceedings. After taking the matter under submission, the court issued a two-page minute order granting Nelson's motion.

Noting that it had "fully considered . . . the evidence presented," the court found Nelson had satisfied her initial burden of making a prima facie showing that her allegedly defamatory statements were "protected by [section] 425.16[, subdivision ](e) [(hereafter section 425.16(e))] as a written or oral statement made in a place open to the public or a public forum in connection with an issue of public interest." Citing *Damon*, *supra*, 85 Cal.App.4th at page 475, the court specifically found that "[t]he Board meetings and the Minutes from such constitute a public forum" and that "[t]he subject of the speech is a public interest" because (1) "[m]ost of the statements alleged in the complaint concern [Nelson's] opinion about (i) the Board's failure to abide by the Bylaws, (ii) the Board['s] paying [Rosen] too much for his work on the Revitalization Project, and (iii) the Board['s] not requiring [Rosen] to account for his time"; and (2) "all owners of SLRH have an interest in the Project."

Regarding the allegation that Rosen put a member in a "vice grip," the court found "[t]his alleged conduct by [Rosen] is an issue of public interest because the entire

6

membership has an interest in not being intimidated at a Board meeting by someone in charge of such an expansive project paid for by each member."  The court also found the statement concerning financial elder abuse was "an issue of public interest because it concern[ed] alleged financial manipulation of the entire group."

The court distinguished *Turner, supra*, 180 Cal.App.3d 676, on which Rosen relied, explaining that *Turner* "concerned architectural plans for one lot and the Court noted that these plans only affected the neighboring homeowner."  The court also stated it was "not persuaded" that *Turner* "limited [a]nti-SLAPP motions in the [homeowners association] context to those that concern elections, campaigns, or management."

The court then found Rosen had failed to meet his burden of establishing a reasonable probability of "prevail[ing] on whatever claims are asserted against [Nelson]." The court stated:

> "Almost all of these statements by [Nelson] are statements of opinion or concern [about] inaction of the Board.  [Nelson's] speech concerns the failure of the Board to require [Rosen] to account for his time and whether [Rosen] is paid too much.  Even though the statement allegedly made by [Nelson] that the Board is not paying [Rosen] for his 'extra-curricular activity' could be interpreted as an insinuation that [Rosen] is not doing the work he is paid to do, the statement really concerns the Board's lack of supervision or failure to account for members' money paid to [Rosen] when it is read in conjunction with the rest of the allegations.  Again, the statement concerns the Board[,] not [Rosen].
>
> "With regard to the allegations that [Nelson] informed everyone that [Rosen] put a member in a 'vice-grip,' [Rosen] has not sufficiently alleged defamation.  [Rosen] alleges this statement was made to the Board, distributed in the minutes, and the alleged actions took place at a meeting.  Defamation requires that the statement be published to a third person.  Arguably, the members are not third persons . . . . [Rosen] even produced numerous Declarations from those present

7

that support his position that he did not put the member in a 'vice grip' but was demonstrating how someone had put an arm around him. This illustrates the members were present when the conduct occurred. Whether the conduct was too aggressive or not is a matter of opinion and without more specific allegations[,] such as identification of the people that received [Nelson's] statement that were not present when the conduct occurred, [Rosen] has not alleged publication.

"Lastly, [Rosen] also alleges statements made by [Nelson] concerning financial elder abuse. [Nelson] indicates that these were published to the District Attorney's Office along with all other statements including the statement that [Rosen] put a member in a 'vice-grip[.]' [¶] Defamation is not the appropriate cause of action with regard to these statements because any statements to the District Attorney, especially those concerning financial or physical elder abuse[,] would be protected by privilege."

DISCUSSION

In support of his contention that the order granting Nelson's anti-SLAPP motion to strike his defamation should be reversed, Rosen asserts the "written and oral allegations made by [Nelson] of [his] actions made to the Board of Governors and the owners/members of SLRH are completely false." Among his various specific claims of error are his assertions that (1) the court erred "in finding that [Nelson] satisfied her burden of showing that her speech is protected by [section 425.16(e)]"; (2) the court erred "when it disregarded sworn testimony"; and (3) Nelson "has not produced one shred of evidence or testimony in her Anti-SLAPP Motion that her statements are true." Rosen asserts that he, "on the other hand[,] presented evidence and testimony showing that [Nelson's] statements were false by submitting 19 documents in his LODG[]MENT IN OPPOSITION TO DEFENDANT'S SPECIAL ANTI-SLAPP MOTION TO STRIKE." We conclude Rosen has failed to provide this court with an adequate record for review,

8

and, thus, he has not met his burden of overcoming the presumed correctness of the challenged order by affirmatively demonstrating error.

A. *Anti-SLAPP Law Generally*

We begin our analysis with a brief overview of California's anti-SLAPP law. "A special motion to strike under section 425.16, the so-called anti-SLAPP statute, allows a defendant to gain early dismissal of a lawsuit that qualifies as a SLAPP." (*Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563, 1568.) "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

Subdivision (b)(1) of section 425.16 provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

The California Supreme Court has explained that, under section 425.16, "the party moving to strike a cause of action has the initial burden to show that the cause of action 'aris[es] from [an] act . . . in furtherance of the [moving party's] right of petition or free speech.' [Citations.] Once that burden is met, the burden shifts to the opposing party to demonstrate the 'probability that the plaintiff will prevail on the claim.' [Citations.] 'To satisfy this prong, the plaintiff must "state[] and substantiate[] a legally sufficient claim." [Citation.] "Put another way, the plaintiff 'must demonstrate that the complaint is both

9

legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."'"" (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965.)

As pertinent here, a defendant meets the burden of showing a plaintiff's cause of action arises from a protected activity under the first prong of the anti-SLAPP statute by showing the acts underlying that cause of action include "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." (§ 425.16(e).)

"Review of an order granting . . . a motion to strike under section 425.16 is de novo." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

B. *Analysis*

It is well-settled that "[a]ppealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As the party challenging the court's presumably correct order granting Nelson's anti-SLAPP motion to strike his defamation complaint, Rosen is required "to provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

Also, when a respondent fails to file a respondent's brief on appeal, the appellate court "may decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).) Here, Nelson failed to file a respondent's brief. Accordingly, this court is authorized to decide Rosen's appeal on the record now before this court, Rosen's opening brief, and his oral argument. (*Ibid*.)

10

Here, Rosen has failed to meet his burden of providing an adequate record for appellate review of his various claims of error. As noted, Rosen's appeal is premised on his principal claim that the allegedly defamatory statements Nelson made in her two lengthy written statements (copies of which are attached to Rosen's complaint as Exhibits "A" and "B") were "completely false." As noted, he asserts that the court erroneously "disregarded sworn testimony," that Nelson "has not produced one shred of evidence or testimony in her Anti-SLAPP Motion that her statements are true," and that the 19 items of documentary evidence he lodged in support of his opposition to Nelson's motion show that Nelson's statements were false.

In its challenged order, the court specifically stated it had "fully considered . . . the evidence presented." Thus, to meet his burden of providing an adequate record for appellate review of his claims, Rosen was required to provide this court with copies of the documentary evidence the court "fully considered." Rosen has failed to meet this burden. Specifically, the record shows the court considered the evidence Nelson originally submitted in support of her anti-SLAPP motion, but Rosen has not provided a complete record of that evidence. The appellate record this court initially received included a copy of Nelson's notice of motion, but did not include a copy of her memorandum of points and authorities or the supporting declaration of her counsel, both of which she *filed* with the superior court. In his notice designating record on appeal, Rosen requested that the clerk of the San Diego Superior Court (clerk) include in the clerk's transcript a copy of "DEFENDANT'S MOTION FOR ANTI-SLAPP." However, the clerk did not include in the clerk's transcript a copy of either the the memorandum of

11

points and authorities or the declaration of counsel.  By order dated June 21, 2013, this court directed the clerk to prepare and transmit to this court an augment to the clerk's transcript containing copies of the memorandum of points and authorities and declaration. We have received and considered those documents.

However, in support of her motion, Nelson also *lodged* several exhibits that she cited and discussed in her memorandum of points of authorities.  Rosen did not augment the record on appeal to include copies of those lodged exhibits.  (See Cal. Rules of Court, rule 8.155.)

Also, in her reply to Rosen's opposition to her motion, Nelson made numerous specific references to a lodged copy of the transcript of Rosen's deposition testimony. For example, citing several specific pages of that deposition transcript, Nelson argued that Rosen had "testified that after the subject Board meeting, he and Mr. Hauser made copies of [her] notes (Exhibits 'A' and 'B' to his Complaint) and deposited a copy of those notes in the mail tube of every other resident in [SLRH].  [Citations.]  [¶] When asked why, [Rosen] stated, 'To let the park know how egregious the allegations were and that when I filed my lawsuit, they would understand why I was doing it.'  [Citation.]  *In other words, he sued* [*Nelson*] *for allegedly libelous statements that he,* [*Rosen*]*, voluntarily published to the entire community*."  (Italics added.)  However, Rosen did not augment the record on appeal to include a copy of the transcript of his deposition testimony that was lodged with (and considered by) the superior court.

As Rosen has failed to provide this court with an adequate record, we conclude he has not met his burden of overcoming the presumed correctness of the challenged order

12

by affirmatively demonstrating error.  (See *Denham v. Superior Court, supra*, 2 Cal.3d at p. 564; *Maria P. v. Riles, supra*, 3 Cal.3d at p.1295.)  Accordingly, we affirm the order granting Nelson's anti-SLAPP motion to strike his complaint.

## DISPOSITION

The court's order granting Nelson's anti-SLAPP motion to strike Rosen's complaint is affirmed.

NARES, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

13